## State *v.* Henry W. Slocum.

9   378
e24   157
9   373
27   144

Since the passage of the statute conferring upon the Court of Common Pleas for the county of Providence exclusive jurisdiction within that county to find all indictments, and to try all found for crimes not punishable by imprisonment for life (Statutes, Chap, 659,) an indictment for a violation of the provisions of the act of the General Assembly entitled, " an act concerning the erection of buildings in the city of Providence," passed October session. 1848, may be found and tried in the Court of Common Pleas, notwithstanding the direction contained in the last named act, that the fine imposed for a violation of its provisions shall be recovered "by indictment before, or information in, the Supreme Court."

The provision in section 9 of chapter 225 of the Revised Statutes, that penalties or forfeitures, the whole or any part whereof is given to any town by any penal statute, may be sued for by the town council in the name of the town, or by the proper prosecuting officer in the name of the city entitled to the benefit thereof, does not apply to fines of upwards of twenty dollars, which are recoverable by indictment under the provisions of section 1 of the same chapter.

State v. Slocum.

INDICTMENT against the defendant for erecting a wooden building more than eighteen feet high within a part of the city of Providence where the erection of such buildings is prohibited by an act of the General Assembly, entitled " an act concerning the erection of buildings in the city of Providence," passed at its October session, 1848.

The act in question provides (section 8), that every person who shall erect, construct, or add to, etc., any building, etc., contrary to the provisions of this act, " shall forfeit and pay a fine of not less than one hundred dollars nor more than five hundred dollars, according to the nature and aggravation of the offence; to be recovered by indictment before or information in the Supreme Court, which it shall be the duty of the attorney general to file, in all cases which may come to his knowledge." At the trial of the case at the March term, 1869, of the Court of Common Pleas for this county, before Mr. Justice Burges and a jury, the defendant pleaded specially to the jurisdiction of the court, which plea, after argument, having been overruled by the court and a verdict of guilty returned by the jury, the defendant alleged exceptions to the action of the court in overruling said plea.

*Parkhurst, for the State.*

*Hart and James Tillinghast, for the defendant.*

BRAYTON, C. J. The act upon which this indictment is found has continued in force to this day as to all parts of it, except the provision of section 8, prescribing the court in which the indictment shall be found and tried, leaving the proceeding by information unaffected.

By chapter 659 of the public acts, section 5, passed March 7, 1867, it was enacted that "all indictments for crimes in the county of Providence shall be found in the Court of Common Pleas for said county, and the said court shall have the exclusive power to try all such indictments, except for crimes punishable by imprisonment for life."

The act purports to take from this court jurisdiction over any and every indictment for any offence then within its cognizance, except crimes punishable by imprisonment for life; and it also

purports to vest in the Court of Common Pleas jurisdiction to try and determine every indictment for any of those offences.

If this act can have the effect which upon the face of it appears to have been intended, then the jurisdiction over the indictment for this offence is taken from this court and transferred to the court in which this indictment was found.

But it is said in support of the plea, that chapter 659 does not affect this section 8 of the building act, because that act is a private act relating to buildings in the city of Providence only, and has been treated by the act of the General Assembly as a private act, and so denominated in a public act of 1852.

The general rule in relation to statutes is, that a subsequent statute inconsistent with a prior act repeals the prior provision, and it is an old maxim, that an old statute gives place to a new one, " *legis posteriores priores contraries abrogant.*" It may expressly repeal by reference to the prior law, but it is sufficient that by some matter it necessarily implies a negative of the old provisions.

We are not pointed to, nor do we find any such exception to the general rule as the claims of the defendant imply, viz., that a private act, or one private in its scope and nature, is exempt from the operation of a subsequent public act, which either expressly repeals it, or which is so inconsistent with it that they cannot both stand together, or where the intent to repeal is necessarily implied, though not expressed.

It is clearly shown that the legislature intended to take from the cognizance of the Supreme Court, with the exception mentioned, every indictment, whether jurisdiction over it were given by public statute regulating its jurisdiction, or by any private act, giving it a jurisdiction exclusive of any other court. The intent was, that it should not have cognizance of any indictment for any offence beyond those excepted. It should have no grand jury to initiate any such proceeding.

We cannot suppose that the intent was to say, that this offence should not be indictable. This is not a necessary or probable inference to be drawn. The offence was still to be prosecuted by indictment. If so, the conclusion is irresistible, that it was

intended, as the act provides, that it should be indictable in the Court of Common Pleas, as is every offence, in the county of Providence, which is indictable at all. The intent, we think, in all these respects, is clear. Why should not effect be given to it? It is the last declaration of the law.

We need not, however, and we ought not, assume the statute upon which this indictment is found to be a private act, at least so far as it concerns the question before us. For this purpose, whatever may be the nature of the other provisions of the act, it is made a public act.

In *Rex* v. *Brugg*, reported in Skinner, 429, the act prohibited weavers from exercising the trade of dyers, allowing cloth-workers to do so, but the penalty was given to the king, where-by the whole public became interested in the prosecution of the offence, and the court said, though the act concerns a particular thing, and therefore is private in its nature, yet the forfeiture being to the king, and so the king is concerned, this has made it a public act.

But it is said against this chapter 659, that the offence under the wooden building act is not a crime within the meaning of this act. That it is at most but *quasi criminal*. If it be meant that the acts prohibited are not *malum in se*, but merely *malum prohibitum*, not criminal in themselves, but so only because they are prohibited by law, we can recognize a distinction sometimes made by the law for some purposes, but not for this purpose.

An act may be in its *nature* injurious to the public at large, or it may be a wrong done to individuals of a nature which the public take notice of as done against itself. Whenever the public deem the act to be done against itself and to require the public protection against it, and make the act punishable at the suit of the public, it is by such act made a crime. It cannot be said with any propriety, that an act made indictable through the instrumentality of a public prosecution, is not a crime in the ordinary sense of that term, and so within the meaning of this act.

Another ground taken against this view is, that if this in-dictment can fall within the provision of chapter 659, it falls

equally within the provision of another and earlier statute, viz., chapter 225, section 9: "When any penalty or forfeiture, or any part thereof, shall be given to any town by any penal statute, the town council may sue therefor in the name of the town, or the prosecuting officer in the name of any city, which shall be entitled to the benefit thereof."

The former part of this chapter 225, viz., section 1, had provided that all fines of upwards of twenty dollars should be recovered by indictment, and all penalties and pecuniary forfeitures by action of debt.

Section 9 then makes this further provision: That in case of a penalty given to a town or city, which by the above provisions must be recovered by action of debt, the action should be brought by the town council in the case of a town, and by its prosecuting officer in the case of a city.

These provisions are not inconsistent with the provision that fines shall be recovered by indictment if above twenty dollars, as is the case before us. They are perfectly consistent with it.

The plea in this case is insufficient, and the demurrer must be sustained, and the exceptions overruled, and the case remitted to the Court of Common Pleas for sentence.

*Exceptions overruled.*